**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **ANDRE BOWERS,** ) | **CASE NO. 5:22 CV 0017** |
| ) | |
| Petitioner, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| **WARDEN, HECTOR JOYNER,** ) | |
| ) | |
| Respondent. ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Petitioner Andre Bowers filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. He is currently incarcerated in the Big Sandy United States Penitentiary in Inez, Kentucky, having pled guilty in this United States District Court in 2019 to five Counts of being a Felon in Possession of a Firearm. *See United States v. Bowers*, No. 5:17-cr-00492 (N.D. Ohio Sept. 5, 2019). In his Petition, he asserts two grounds for relief: (1) he was denied his Sixth Amendment Right to the Effective Assistance of Counsel; and (2) he was "over-sentenced." He asks this Court to correct his sentence.

## I. BACKGROUND

Pursuant to a written plea agreement, Petitioner pled guilty to five Counts of being a Felon in Possession of a Firearm. *Id.* The parties agreed to a Sentencing Guideline base offense level of 22, and a four-level enhancement because the offense involved eight firearms. The

government agreed to a three-level reduction for acceptance of responsibility. *Id.* Although Petitioner waived his right to appeal as part of that plea agreement, he reserved the right to appeal: (1) any punishment in excess of the statutory maximum; and (2) any sentence that exceeded the maximum imprisonment range under the Guidelines. He also reserved the right to raise on appeal in a collateral proceeding any claims of ineffective assistance of counsel and prosecutorial misconduct. *Id.* The offense level calculation in the plea agreement and the Petitioner's criminal history category of VI yielded a Guideline imprisonment range of 92 to 115 months. This Court sentenced Petitioner to 108 months in prison followed by three years of supervised release. *Id.* (Doc. No. 115).

Petitioner through counsel filed an appeal to the United States Sixth Circuit Court of Appeals challenging in an *Anders* brief[1] whether Petitioner's waiver of his right to appeal was enforceable and in compliance with Federal Criminal Procedure Rule 11. The Sixth Circuit affirmed his conviction and sentence on June 2, 2020. *Id.* (Doc. No. 129).

Petitioner also filed a Motion for Compassionate Release on January 12, 2021. This Court denied that Motion on May 5, 2021. *Id.* (Doc. No. 141).

Petitioner has now filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. He contends his trial counsel was ineffective because his attorney was aware that he pled guilty to Counts 1, 3, 4, 5, and 8; however, the enhancement was based off of Count 10 which was brought against another Defendant. He contends that due to that enhancement, he received a sentence that was greater than the one he should have received. He seeks re-sentencing. He

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

states that he cannot bring these claims in a Motion to Vacate Conviction or Sentence under 28 U.S.C. § 2255 because the statute of limitations has expired.

## II. LAW AND ANALYSIS

**Standard of Review**

Writs of Habeas Corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue Writs of Habeas Corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" Petitions lacking merit on their face under § 2243).

**Discussion**

A federal prisoner must challenge the legality of his conviction or sentence by filing a Post-Conviction Motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A Habeas Corpus Petition under §2241 may be used by a federal prisoner only to challenge the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889,

-3-

894 (6th Cir. 1999). Each of these statutes provides its own type of relief, and for this reason, they are not interchangeable.

Section 2255(e) provides a narrow exception to this rule, permitting a prisoner to challenge the legality of his conviction through a § 2241 Petition where his remedy under § 2255 is or was "inadequate or ineffective" to test the legality of his detention. A prisoner may take advantage of this provision only when, after his conviction has become final, the Supreme Court re-interprets the terms of the statute under which Petitioner was convicted and by this interpretation excludes Petitioner's actions as a violation of the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241"). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, whether by direct appeal or by Motion under § 2255, or where he did assert his claim in an earlier Motion under § 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Actual innocence means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623–24 (1998). To invoke the Savings Clause, Petitioner therefore must demonstrate: (1) the existence of a new interpretation of statutory law; (2) issued after Petitioner had sufficient time to incorporate the new interpretation into his direct appeals or subsequent Motions; (3) which is retroactive; and (4) which applies to the merits of the Petition to make it more likely than not that no reasonable juror would have convicted him. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012).

Here, Petitioner has not demonstrated that his remedy under § 2255 was inadequate or ineffective to assert this claim as required by the savings clause. Petitioner cites to no intervening change in the law that occurred after his time to file a direct appeal or § 2255 Motion expired. He merely claims that the time for him to file a § 2255 Motion expired. The Savings Clause does not apply to this situation and Petitioner cannot challenge his conviction or sentence in a 28 U.S.C. § 2241 Petition.

### III. CONCLUSION

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 2243. Further, under 28 U.S.C. § 1915(a)(3), this Court certifies an appeal could not be taken in good faith.

IT IS SO ORDERED.

   s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
SENIOR UNITED STATES DISTRICT JUDGE